177 N.J. Super. 551 (1981)
427 A.2d 118
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANDREW TANCHALK AND JOSEPH ZENTE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 18, 1981.
Decided March 2, 1981.
*552 Before Judges BOTTER, KING and McELROY.[1]
Elmer J. Herrman argued the cause for appellants (Herrman & Blasi, attorneys).
*553 Mark H. Genser, Assistant Essex County Prosecutor, argued the cause for respondent (John J. Degnan, Attorney General of New Jersey, attorney; Donald S. Coburn, Essex County Prosecutor, of counsel).
The opinion of the court was delivered by BOTTER, P.J.A.D.
The question on appeal to be discussed is whether the recording of a wiretap authorized under N.J.S.A. 2A:156A-14 must be sealed at the conclusion of the initial wiretap order or at the conclusion of the entire interception when that order has been renewed or extended by a subsequent order.
Defendants and others were indicted for engaging in a conspiracy to violate the gambling laws and for making book on horse races and baseball games contrary to N.J.S.A. 2A:112-3. Their motion to suppress evidence obtained through electronic surveillance and a search of their persons was denied. They entered retraxit pleas of guilty to the charges of gambling conspiracy and bookmaking on horse races. Pursuant to plea negotiations, the remaining charges were dismissed. Defendant Tanchalk was sentenced for the gambling conspiracy to an eight-month term in the Essex County Correction Center and for bookmaking to a consecutive one- to two-year State Prison sentence which was suspended, with one year probation and a $5,000 fine. Defendant Zente was sentenced for the conspiracy to an 18-month term in the Essex County Correction Center and for bookmaking to a consecutive three- to four-year State Prison term which was suspended, with probation for two years and a $5,000 fine. Defendants' appeals to this court were consolidated. The issues on appeal are limited to the trial judge's denial of defendants' motion to suppress evidence and the sentences imposed.
Defendants contend that N.J.S.A. 2A:156A-14 requires that the tapes be sealed at the expiration of each order and at the expiration of any renewals thereof. In the present case, the initial wiretap order was issued on May 11, 1979 and was to *554 terminate 20 days later, May 31, 1979. It authorized the interception of communications over three public telephones, two of which were located in a tavern in Newark and the third in an athletic club at the same address. On May 31, 1979 the investigating detective applied for and was granted a ten-day extension of the wiretap order. The extension order recited that interceptions made pursuant to it "will begin as soon as said order dated May 11, 1979, expires...." The wiretap was terminated on June 6, 1979 when search warrants and arrest warrants were executed. The tapes were sealed the next day, June 7, 1979. Defendants contend that the tapes of intercepted communications made pursuant to the initial order which terminated on May 31, 1979 should have been sealed at that time and that the State's failure to seal them until June 7, 1979 when the extension order expired constituted an illegal delay, without a satisfactory explanation, requiring the suppression of all tapes.
N.J.S.A. 2A:156A-14 provides in pertinent part:
... Immediately upon the expiration of the order or extensions or renewals thereof, the tapes, wires or other recordings shall be transferred to the judge issuing the order and sealed under his direction....
Defendants say that the use of the word "or" demonstrates that the original order and any extension thereof are each separate and distinct for the purposes of sealing. We disagree. The language does not express a legislative intent to require sealing after the original order and a separate sealing after each extension or renewal which effectively extends the original termination date. The use of the word "or" allows the sealing to occur upon the expiration of the original order or the expiration of any extension or renewal thereof, where the interception is made continuous by the subsequent orders. A different result might have been compelled by the use of the word "and" where "or" appears.
The comparable federal statute has been interpreted to require sealing at the end of the extension of an original order. "Where the intercept is of the same premises and involves substantially the same persons, an extension under these circumstances requires sealing only at the conclusion of the whole *555 surveillance." United States v. Scafidi, 564 F.2d 633, 641 (2 Cir.1977), cert. den. 436 U.S. 903, 98 S.Ct. 2231, 56 L.Ed.2d 401 (1978). Accord, United States v. Fury, 554 F.2d 522, 533 (2 Cir.), cert. den. sub nom. Quinn v. United States, 433 U.S. 910, 97 S.Ct. 2978, 53 L.Ed.2d 1095 (1977). The case cited by defendants, People v. Washington, 46 N.Y.2d 116, 412 N.Y.S.2d 854, 385 N.E.2d 593 (Ct.App. 1978), does not require a different result; in fact, the court contrasted the language of the New York statute with that of 18 U.S.C.A. § 2518(8)(a), which is virtually identical to the New Jersey statute in its pertinent aspects. 46 N.Y.2d at 120-123, 412 N.Y.S.2d at 856-858, 385 N.E.2d at 595-596. We note that the extension order in this case began on the expiration date of the original order, making the surveillance continuous. We do not address the question of the need to seal tape recordings at the conclusion of a wiretap order which has been renewed after a lapse of time.
Defendants also contend that (1) the State failed to show "special need" justifying the order authorizing the interception of communications over the public telephones as required by N.J.S.A. 2A:156A-11; (2) the affidavit supporting the application for the original wiretap order failed to establish probable cause, and (3) the search and seizure of items from the person of each defendant after they were arrested was unlawful because the police had arrest warrants only and not search warrants for each individual. We find these contentions lacking in merit. Normal investigative procedures without electronic interception would not have been effective, and may have been impossible to conduct, in the tavern and the upstairs premises. The fact that the investigator knew that Zente was engaged in illegal gambling activity before obtaining the wiretap order did not make the wiretap surveillance superfluous or illegal. Thus, the existence of special need was clearly demonstrated. See State v. Dye, 60 N.J. 518, 526 (1972). The claim that probable cause was lacking in the supporting affidavit is overwhelmingly refuted by the affidavit itself. R. 2:11-3(e)(2). The search of defendants when arrested and the seizure of incriminating evidence *556 was also entirely proper as an incident to a lawful arrest. State v. Fariello, 71 N.J. 552, 569 (1976).
Lastly, defendants contend that the sentences imposed were excessive. We disagree. This was Zente's second conviction for illegal gambling activity. The sentence imposed upon him was not an abuse of discretion. See State v. Whitaker, 79 N.J. 503, 512-517 (1979). While this was a first conviction for Tanchalk, the lighter custodial term imposed on him reflects a proper exercise of the court's discretion. Id.
Affirmed.
NOTES
[1] Judge King did not attend oral argument but counsel have graciously consented to his participation in deciding this case.